## ANDERSON et v WOLF et

Ohio Appeals, 2nd Dist, Greene Co

No 389.   Decided Jan 24, 1934

Barger & Orendorf, Dayton, for plaintiff in error.

Marcus McCallister, Xenia, and Harry D. Smith, Xenia, for defendant in error.

## OPINION

By BARNES, J.

It is the claim of plaintiffs in error that, under the statutes pertinent to the subject matter, the Board of Education could not pay Joseph Kinzer nor anybody in his behalf for services as a teacher of the Hyslop school in Xenia Township for the months during which he served in that capacity. Supporting the claim, §§7830, 7786, 7852-1, 7817, 7821 and 7856 GC are cited and commented upon. Special charges before argument embodying the provisions of these statutes and their application to the testimony were presented to the trial court to be given to the jury. All of such requests were refused. To this action of the trial court exceptions were noted. Error is claimed in the improper admission of testimony tendered by defendants in error and in the refusal to admit evidence tendered by plaintiffs in error. It is claimed that the verdict and judgment are manifestly against and not sustained by the evidence.

Plaintiffs in error cite and comment upon the provisions of the sections of the statutes heretofore set forth and assert that they require the determination that they had been violated and therefore the employment of Mr. Kinzer was unauthorized; that §7786 GC, upon which the Board of Education of Xenia Township relied, does not support the payment for the services of Mr. Kinzer. The trial court took the position and charged the jury that:

"The issue of fact to be determined by the jury in this case is whether or not at the time that the voucher for the three hundred and ninety dollars ($390.00) was issued to Mrs. Joseph Kinzer there was a

certificate from the Board of Examiners for school teacher on file with the Board of Education of Xenia Township at and before the time the voucher was issued. If that certificate was on file with the Board when the voucher was issued for three hundred and ninety dollars ($390.00), your finding should be in favor of the defendants. If that certificate was not on file with the Board at that time, the finding of the jury should be in favor of the plaintiffs."

Although the record does not definitely fix the time when the certificate of Joseph Kinzer was issued by the County Board of Examiners and there was considerable evasion on the part of witnesses who should have known of this date, it seems definitely established that it was not issued until long after the services for which payment was made to Mrs. Kinzer were performed. Indeed, it is highly probable that it was not issued until after Mr. Kinzer's death. When issued it bore the date, April 2, 1927, and covered a period of one year from September 1, 1927. The certificate is headed: "Delayed Teacher's Elementary School Certificate," and is signed by three members of the Board of School Examiners. That the issuing of the certificate under the facts appearing in this case was irregular is not open to controversy.

It is undisputed that Mr. Kinzer took the scheduled examination for a school certificate on April 2, 1927. There can be no doubt that the certificate was withheld from Mr. Kinzer over the importuning of himself and his friends.

It therefore follows that Mr. Kinzer knew that he had no certificate to teach at the time of his employment or later at the time he started to teach under his illegal employment. He taught from September to December 1927 and then resigned due to the fact that he did not have and could not procure the requisite certificate to authorize him to teach. The conclusion is irresistible that these facts were known to the School Board attempting to hire him and also were known to the Board of Examiners before whom he had presented himself.

Sec 7830 GC reads as follows:

"No person shall be employed or enter upon the performance of his duties as teacher in any elementary school supported wholly or in part by the state in any school district who has not obtained from a certificating authority having legal jurisdiction a certificate of good moral character; that he is qualified to teach orthography, reading, writing, arithmetic, English grammar and composition, geography, history of the United States, physiology, including narcotics, literature, and elementary agriculture, and that he possesses an adequate knowledge of the principles of teaching; except as provided in §§7807-9, 7807-10, 7807-6, 7852 and 7830-1 GC."

It is already observed that the above section in its mandatory provisions refers not only to the employing Board but also to the teacher.

It says, "no person shall be employed" which is a positive mandatory provision controlling the board. It likewise says, "no person ¹ * * shall enter upon the performance of his duties as teacher"; it therefore follows that the teacher can not stand on the fact of his employment but regardless of employment he can not enter upon his duties unless he has the necessary certificate to teach. , Under the undisputed evidence as disclosed from the record the attempted employment of Mr. Kinzer was absolutely illegal and void; when Kinzer took charge of the school and taught for three months, he did so in direct violation of mandatory provisions of §7830 GC. If he had a right to a certificate under his examination, its issuance could have been compelled under an action in mandamus. This taking charge of the school and teaching for the three months without the necessary certificate was an act purely voluntary on his part and for which no compensation could be demanded or obtained. It was contended by the plaintiff below that at the time of issuing the warrant for the three months pay the necessary certificate was on file and that under the provisions of §7786 GC allowance and payment was authorized. The pertinent portion of this §7786 GC reads as follows:

"No clerk of a board of education shall draw an order for the payment of a teacher for services until the teacher files with him such reports as are required by the director of education, by the board of education and the superintendent of schools, and a written statement from the county, city or exempted village, superintendent of schools that the teacher has filed with him a legal teacher's certificate (or a true copy thereof) to teach the subjects or grades taught, with the dates of its validity."

This section adds nothing to nor takes nothing from the provisions of §7830 GC, supra.

If Mr. Kinzer had brought himself within the provisions of the above §7830 GC but had not complied with §7786 GC his payment of salary would be delayed pending such compliance.

Applying this principle to the instant case if we were able to find the provisions of §7830 GC complied with, we would accept the delayed filing of the certificate with the Clerk of the Board of Education as the last step requisite under the law to authorize payment of the salary. Neither of these sections standing alone are sufficient to authorize withdrawing money from the treasury of the school district.

Employment, performance and filing delayed certificate after a period of four years still admits of the question as to whether or not the employment was legal. The plain mandatory provisions of said §7830 GC seem to definitely determine the question. This section says:

"No person shall be employed or enter upon the performance of his duties as teacher who has not obtained a certificate, etc."

This has been the construction given to this section for a long period of time. Opinions of Attorney General (1919 page 1348). Opinions of Attorney General (1919 page 187).

The opinions of the Attorney General are not in any sense controlling upon this court, yet where the opinion, as it has, sets out the rule of construction controlling every school board in the state for a long period of time, it should receive consideration by this court.

The reasoning of the court is expressed in the syllabus and opinion in case of **School District No. 2 v Dilman, 22 Oh St 194.**

In this reported case the court made the observation that the teacher was not employed within the meaning and intent of the statutory provision until he engaged in the discharge of his duties as teacher. Also on page 194 of the dictum we find the following:

"The mischief intended to be guarded against was the **teaching of a school** by an incompetent person and not the making of a **contract** by an incompetent person."

The legislature has designated the ways and means for guarding against this mischief. No other authority than the Board of Examiners can determine the qualifications to teach and issue the requisite cer-

tificate. Until the individual has such certificate, he or she must be looked upon as incompetent. The courts are always open through mandatory orders to guard against any abuse of discretion upon the part of the examining board.

It has been judicially determined that laws must be uniform in their operation. It sometimes happens that injustice is done in isolated instances, but to avoid anticipated or threatened evils the law must be given its uniform operation. This is upon the theory of good to the greatest number.

It is not within the power of the courts in an action of this character to determine the question of the fitness of the teacher.

The legislature has gone far in its enactments to insure strict observance of the provisions of §7830 GC prohibiting employment or entering into the performance of duties as teacher before the issuing of the legal certificate.

For instance §7817 GC among other things provides that the Board shall not "antedate any certificate". In §7852-1 GC it is provided in substance that no certificate can be granted to an applicant until he has subscribed to a prescribed oath. This provision of the General Code has its application in the instant case since it is fairly inferable that the purported claimed delayed certificate was issued after the death of Mr. Kinzer.

The death would prevent the subscribing to the oath and the delivery of a copy of such oath as required under the provisions of said §7852-1 GC.

Sec 7856 GC contains the following:

"The board shall promptly issue all certificates granted to successful applicants and send notices of failure to those who fail in the examination, if such there be."

In the absence of any legislation it is always anticipated that public officials will observe their prescribed duties and act promptly. The fact that the legislature made a specific provision for prompt action in the issuing of certificates is a direct admonition against delay.

The issuing of a so called delayed certificate after a lapse of four years can not be looked upon with favor.

It is the view of the majority of this court that under the uncontradicted evidence as disclosed from the record, a recovery of the salary claimed is prohibited as a matter of law. In view of this finding it is unnecessary to consider other claimed errors. The cause is remanded for further

proceedings in accordance with these findings and judgment.

Exceptions will be allowed to the defendant in error. Costs awarded against defendant in error.

KUNKLE, J, concurs.
HORNBECK, PJ, dissents.

### DISSENTING OPINION

By HORNBECK, PJ.

I must respectfully dissent from the opinion of the majority.

It should be borne in mind that this action is against members of the Board of Education to recover salary by the Board paid for services rendered by Mr. Kinzer.

Every case must be determined on its peculiar facts. The authorities and opinions of the Attorney General cited are only helpful inferentially. In no instance did the facts presented parallel those found in the instant case. Here, at the time the salary was paid, there was a certificate issued to Mr. Kinzer bearing the date prior to the time when he began his services teaching school. This is not a case wherein the Board employed a man who was not qualified. Mr. Kinzer was qualified and before payment was made had a certificate to teach the school which he was employed to teach. Of course, the action of the Board in employing him and his action in accepting employment was irregular but in view of subsequent developments neither action was a void action. The situation confronting the Board when Mr. Kinzer was employed is very plain. He did not have the certificate which was the evidence of his qualifications to teach but he had complied with the requirements of the law that he take the examination. He had passed the examination and the difficulty which prevented the issuance of the certificate to him then probably arose because of the question whether or not he was eligible for another one-year certificate. This was resolved in his favor.

After all, the certificate is but the evidence of compliance with the requisites incident to its issuance. The spirit of the law should not be killed by the letter thereof. The majority opinion quotes with approval from page 194 of the case of **School District No. 2 v Dilman, 22 Oh St 194:**

"The mischief intended to be guarded against was the teaching of a school by an incompetent person and not the making of a contract by an incompetent person."

Obviously, this language can have no proper application to the facts in this case because the school was not taught by an incompetent person but by one who was qualified according to the statute.

A refusal to require the defendants in this case to repay to the school district the money which was paid to Mrs. Kinzer will, in no wise, establish a precedent which would be dangerous in the administration of school laws. It is doubtful if a case embodying the same facts as are found here will occur again. No case has come to our attention wherein the law has been invoked to preclude payment to a teacher who before payment had a certificate authorizing him to teach the school which he was employed to teach, bearing a date prior to the beginning of his services.

Let us suppose that this certificate had been prepared by the Board of Education as soon as the examination papers were graded but its issuance deferred. This condition could have obtained under the facts in this case. Should it be urged that the spirit of the law would require a member of the Board of Education to refund payment made for teaching only after issuance of certificate granting the right to the payee to teach the school for the period of the employment? I think not.

A full and fair consideration of all the record is convincing that substantial justice has been done in this case and the judgment of the trial court should be affirmed.