## ANDERSON et v WOLF et

Ohio Appeals, 2nd Dist, Greene Co

No 417.   Decided Dec 24, 1935

Barger & Oi ndorf. Dayton, for plaintiffs in error.

Marcus E. N Jallister, Xenia, and Harry D. Smith, Xenia, for defendants in error.

**OPINION**

By BODEY, J.

This case was tried once before and resulted in a verdict for the defendants. Proceedings in error were instituted in this court and a decision was rendered on January 24, 1934, the opinion being written by Judge Barnes and concurred in by Judge Kunkle. Hornbeck, PJ, dissented in a written opinion. This opinion may be found in **17 Abs 161.** The case was reversed. In the majority opinion, after referring to §7830 GC and other sections pertinent, the court says:

"It therefore 'follows that the teacher cannot stand on the fact of his employment but regardless of employment he can-

not enter upon his duties unless he has the necessary certificate to teach. Under the undisputed evidence as disclosed from the record the attempted employment of Mr. Kinser was absolutely illegal and void; when Kinzer took charge of the school and taught for three months he did so in direct violation of mandatory provisions of §7830 GC. * * * This taking charge of the school and teaching for the three months without the necessary certificate was an act purely voluntary on his part and for which no compensation could be demanded or obtained. * * * If Mr. Kinzer had brought himself within the provisions of the above §7830 GC, but had not complied with §7786 GC, his payment of salary would be delayed pending such compliance. Applying this principle to the instant case, if we were able to find the provisions of §7830 GC complied with we would accept the delayed filing of the certificate with the Clerk of the Board of Education as the last step requisite under the law to authorize payment of salary. Neither of these sections standing alone are sufficient to authorize withdrawing of money from the treasury of the School District. * * * It is the view of the majority of this court that under the uncontradicted evidence as disclosed from the record, a recovery of the salary claimed is prohibited as a matter of law."

It will thus be seen that this court, in reversing before, was of the opinion that this payment to the widow of Joseph Kinzer was invalid as a matter of law. The fact that the defendants were not members of the School Board when the contract of employment was entered into and when the teaching was done made no difference in law. The court stated in its opinion that the employment of Kinzer, as well as his teaching, was illegal and void, due to the fact that no certificate authorizing Kinzer to teach was on file. The court drew no distinction between the illegal act of the Board in employing Kinzer and the unwarranted act of the Board in paying his widow. Those members of the Board who participated in the illegal payment were liable for township funds which were thus expended, although they were not members of the Board when Kinzer was employed or when the services were rendered. This holding of this court became the law of the case and should have been followed by the lower court when the same came on for re-trial. Trial & Appellate Practice in Ohio, Hornbeck & Adams, §108. p 199.

After the plaintiffs had concluded the introduction of their evidence in the case now before us, counsel for defendant interposed a motion for directed verdict. This motion is in the following language:

"We make a motion that this case be dismissed for the reason that the plaintiffs have failed to prove all the allegations of the petition, and further for the reason that they have failed to prove their case by the preponderance of the evidence, and further that there is nothing before the court or before the jury; and, also, as an alternative, we move that the case may be dismissed for the reason that all the evidence goes to show that these parties defendant had nothing to do with the actual employment of Joseph Kinzer, and that by virtue of the opinion of the Court of Appeals that is a very material thing; and further again in the alternative that the court dismiss this case as to these defendants and substitute those parties who entered into the employment, to-wit: D. H. Barnes, J. F. Shoemaker, Frank Weaver, C. E. Bone, Bert Conklin and Horace Anderson, as proper parties defendant to this suit; and again in the alternative, if the court does not sustain the motion on that proposition to join the foregoing individuals who were members at the time he was employed as parties defendant to this action as defendants along with these present individuals."

The trial court sustained this motion. A motion for new trial was filed and overruled. While several grounds of error are set forth in this petition in error, particular reliance is placed upon the fifth ground, in which it is claimed that the court erred in sustaining the motion of the defendants to direct a verdict in their favor.

It occurs to the court that all of the grounds set forth in the motion for directed verdict were passed upon by this court in the former proceeding except those first enumerated in the motion, namely, that the plaintiffs failed to prove all the allegations of the petition, that they failed to prove their case by the preponderance of the evidence, and that there was nothing before the court or the jury. In their brief counsel for defendants in error claim that there was no proof offered concerning the capacity of the plaintiffs as taxpayers and their ability to institute and prosecute this proceeding. As a matter of fact no proof that these plaintiffs were taxpayers was offered by the plaintiff below. In our opinion this proof was not necessary unless the issue of the capacity to sue of plaintiffs had been specially raised in the pleadings.

The answer of defendants, after setting forth several admissions, consists of a general denial. It is provided by §11309 GC that "The defendant may demur to the petition only when it appears on its face * * * that the plaintiff has not legal capacity to sue." Of course the capacity of plaintiffs was set out in this petition and a demurrer on that ground would not lie. §11311 GC, however, provides as follows:

"When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant shall be deemed to have waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action."

Since counsel for plaintiff did not plead specially in their answer a denial of the capacity of the plaintiffs as taxpayers, they may not now be heard to complain that no evidence was offered in the trial by plaintiffs along that line. Under the latter quoted section they are deemed to · have waived that objection. The case of **Saxton v Seiberling, 48 Oh St 554, at page 559**, is judicial authority on this point. We may not say, therefore, that the motion of defendant for a directed verdict should have been sustained on the ground that the capacity of plaintiffs as taxpayers had not been established by the evidence. The evidence shows that the case of plaintiffs was established by the weight of the evidence, the defendants having introduced no testimony, and the record does show that there was something before the court and jury. That being true, the motion should not have been sustained on either of the latter two grounds. The other grounds set forth in the motion primarily concern themselves with the questions which were decided by this court in its former opinion. The court has again examined the authorities and has read and studied its former opinion. The court is of the view that its former decision correctly embodied the applicable law. Our further examination convinces us that we should adhere to our former opinion. It therefore follows that the action of the trial court in sustaining the motion of defendants for a directed verdict was improper and was prejudicial to the plaintiffs in error. Since we adhere to our former opinion, and since we have reached the conclusion that the motion for directed verdict should not have been sustained, it · is unnecessary to discuss the other errors

set forth in the petition in error.

The cause is reversed and remanded for further proceedings not inconsistent with this opinion. Exceptions.

BARNES, PJ, concurs.

## DISSENTING OPINION

By HORNBECK, J.

I agree that the law of the case controlling upon the court in the second trial is found in the majority opinion on the former review of the case. However, for the reasons set forth in my former dissent I again dissent from the judgment of the majority of the court.

I see no reason, in the question presented in this case, to dignify the evidence of qualification to teach and disregard the proven qualification to teach. The certificate which was eventually issued was but the recognition of an oversight in its issuance prior to the date when Kinzer taught the school, for which services he was paid. The certificate as issued could not have been effective for any other period than one year on and after September 1, 1927, and it was during this time that the teaching services were rendered. The shadow should not be accepted and the substance rejected.

## ON APPLICATION FOR REHEARING

### Decided Feb 6, 1936

This matter is submitted on an application for rehearing. In their application counsel for plaintiffs in error quote the following language from our original opinion: "As a matter of fact no proof that these plaintiffs were taxpayers was offered by the plaintiffs below." This is a correct statement. However, the court did not state that no proof was offered. There was some indirect proof in the record as developed by the cross examination of a witness for the plaintiffs, to-wit, p. 35:

"Q. Are all those people taxpayers (referring to plaintiffs)? A. So far as I know."

P. 54:
"Q. Yet there isn't one of the taxpayers in that petition in court. You mentioned this morning you couldn't see any in court. Are there any in court this afternoon? A. No, but I don't see Mr. Murray either."

While the record would be more clear if plaintiffs had affirmatively proven their capacity to sue, yet the above testimony has some probative worth. It is sufficient of itself to take the case to the jury. The question quoted from page 54 of the record constitutes an admission on the part of the examiner that each of the plaintiffs was a taxpayer.

None of the cases cited by plaintiffs in error covers the situation here presented. In these cases the court differentiates between a petition which does not state a cause of action and one which shows a cause of action but not in the plaintiff. In the case at bar the petition sets forth a cause of action in the plaintiffs as taxpayers. It showed on its face that the plaintiffs were taxpayers. If it had not stated a cause of action at all a demurrer would lie. If it stated a cause of action but not in the plaintiffs as taxpayers it would have been demurrable, but when it did state a good cause of action in the plaintiffs in their capacity as taxpayers it was not demurrable. If the petition stated a good cause of action and alleged that plaintiffs were taxpayers when in fact they were not such, the issue should have been made by specific denial in the answer. We adhere to our former opinion that the question of capacity is deemed to have been waived unless taken advantage of by demurrer or special denial.

Counsel refer to the case of **Harnett et v Edmonston, etc., 44 Oh Ap 304.** In that case there was evidence offered by the defendants to the effect that the plaintiff was not a taxpayer. The court held that the burden was on the plaintiff to establish his capacity to sue. That was a true statement of the law. That situation is not similar to the present case where no evidence is offered by the plaintiff, when the capacity is not contradicted by the defendants' pleading and where the defendants inferentially admit the capacity in the questions propounded on cross examination.

The application for rehearing is denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.

Jacobson & Durst, Dayton, for plaintiff. A. P. Mercer, Dayton, and G. E. Miller. Dayton, for defendant.